# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Martinsburg

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                       **Criminal No. 3:11-CR-65-1**
                                                          Judge Bailey

**TERRY LEE CONDREY**,

    Defendant.

## ORDER DENYING MOTION TO MODIFY SENTENCE

Pending before this Court is defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(2)(Guideline Amendment 750) (Doc. 141) together with a request for the appointment of counsel (Doc. 142). In his motion, the defendant seeks a reduction in sentence pursuant to the 2010 Fair Sentencing Act. Finding the defendant not entitled to any relief under the amendments to the Sentencing Guidelines, this Court will deny a reduction in sentence.

This Motion is the second such motion that the defendant has filed. On August 6, 2012, the defendant filed a *pro se* Motion to Modify Sentence Pursuant to Title 18 U.S.C. § 3582(C)(2) of the United States Sentencing Guidelines (Doc. 107). This Court denied the prior Motion by Order entered August 8, 2012 (Doc. 109). The defendant appealed the denial of the Motion to the United States Court of Appeals for the Fourth Circuit, which affirmed the denial by *per curiam* opinion filed December 27, 2012 (Doc. 127).

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Legree**, 205 F.3d 724 (4th Cir. 2000). As noted

by the Fourth Circuit in *Legree*, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting **United States v. Tidwell**, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by the Fair Sentencing Act, and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1b1.10. *See* **Dillon v. United States**, 130 S.Ct. 2683 (2010).

In this case, the defendant was sentenced on May 10, 2012, well after the 2011 guideline amendments took effect. The parties stipulated the relevant conduct to be 12.32 grams of cocaine base, resulting in a base offense level of 21, due to the proximity to a school. This level was increased to level 34, due to the defendant being a career offender, less two levels for acceptance of responsibility, for a total offense level of 32. The Criminal History category was VI, both by virtue of his convictions and the career offender finding. Accordingly, his original sentence was calculated using the guidelines applicable under the 2011 amended guidelines. Accordingly, this Court will not reduce the defendant's sentence.

For the reasons stated above, the defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(2)(Guideline Amendment 750) (**Doc. 141**) together with a request for the appointment of counsel (**Doc. 142**) are **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the *pro se* defendant

and to all counsel of record herein.

**DATED:** May 28, 2013.

JOHN PRESTON BAILEY  
CHIEF UNITED STATES DISTRICT JUDGE