**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**


**TERRY LEE CONDREY,**

       **Petitioner-Defendant,**

                                        **Civil Action No. 3:13-cv-46**
**v.**                                   **Criminal Action No. 3:11-cr-65-1**
                                        **(JUDGE BAILEY)**


**UNITED STATES OF AMERICA,**

       **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.   INTRODUCTION

On May 1, 2013, Petitioner-Defendant Terry Lee Condrey ("Petitioner"), proceeding *pro se*,

filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody ("Petition" or "Motion"). (Civil Action No. 3:13-cv-46, ECF No. 1; Criminal

Action No. 3:11-cr-65-1, ECF No. 133.) On May 22, 2013, the undersigned Magistrate Judge

entered an Order directing Respondent, the United States of America ("Respondent" or

"Government") to answer Petitioner's motion. (Criminal Action No. 3:11-cr-65-1, ECF No. 140.)

The Government responded on May 30, 2013, and Petitioner replied to that response on June 10,

2013 (Criminal Action No. 3:11-cr-65-1, ECF Nos. 146, 152.) The undersigned now issues this

Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For

the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's

motion to vacate.

## II.   FACTS

### A.   *Conviction and Sentence*

On November 15, 2011, the Grand Jury charged Petitioner with all nine counts in a nine-count Indictment.  Petitioner was charged with conspiracy to possess with the intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1); aiding and abetting the distribution of approximately .69 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately .69 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately .73 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately .77 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately .76 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately 1.30 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; distribution of approximately .77 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860; and aiding and abetting the possession with intent to distribute approximately 1.50 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860.  (Indictment, Criminal Action No. 3:11-cr-65-1, ECF No. 1.)

On January 14, 2012, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Nine, possession with the intent to distribute, within 1000 feet of a school, approximately 1.5 grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 860.

(Plea Agreement, Criminal Action No. 3:11-cr-65-1, ECF No. 34 at 1.) In the plea agreement, the parties stipulated and agreed that Petitioner's total drug relevant conduct was 12.32 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack". (*Id.* at 4.) Additionally, Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. **Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).** The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(*Id.* (emphasis added).)

On January 26, 2012, Petitioner entered his plea in open court before the undersigned. At the time of his plea, Petitioner was 39 years old and had completed schooling to the twelfth grade. (Plea Hrg. Tr., Criminal Action No. 3:11-cr-65-1, ECF No. 97 at 4:24-5:2.) The Court asked Petitioner if he understood that he was giving up his right to appeal any sentence and his right to file a writ of habeas corpus attacking the validity of his plea and sentence, and Petitioner replied that he did. (*Id.* at 15:9-15.) When asked, Petitioner's counsel stated that he believed Petitioner understood the importance of this waiver. (*Id.* at 15:16-19.) Petitioner further affirmed that he had reviewed the plea agreement with his attorney before signing it. (*Id.* at 15:20-23.) The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty. (*See id.* at 23:3-24:13.) During the

hearing, the Government presented the testimony of Patrolman Derek L. English of the Eastern Panhandle Drug and Violent Crimes Task Force, to establish a factual basis for the plea. (*Id.* at 24:17-29:4.) Petitioner did not contest Patrolman English's testimony. (*Id.* at 29:5-8.)

After the Government presented Patrolman English's testimony, Petitioner advised the Court that he was guilty of Count Nine of the Indictment. (*Id.* at 29:9-17.) He further stated under oath that no one had attempted to force him to plead guilty and that he was pleading guilty of his own free will. (*Id.* at 29:9-17.) Additionally, Petitioner testified that his plea was not the result of any promises other than those in the plea agreement. (*Id.* at 30:1-4.) When asked, Petitioner acknowledged that his counsel had adequately represented him, testifying that his lawyer represented him "to the fullest", and stated that his counsel had not left anything undone or did anything improperly during his representation. (*Id.* at 30:16-23.) Finally, Petitioner advised that he was in fact guilty of the crime to which he was pleading guilty. (*Id.* at 29:22-24.)

At the conclusion, the undersigned determined that Petitioner's plea was made freely and voluntarily, that Petitioner had "full knowledge and understanding" of the consequences of his plea, and that the elements of the crime charged in Count Nine were established beyond a reasonable doubt. (*Id.* at 30:24-31:6.) Petitioner did not object to the Court's finding.

On May 10, 2012, Petitioner appeared before the Honorable John Preston Bailey, Chief United States District Judge, for sentencing. Chief Judge Bailey sentenced Petitioner to a term of 210 months incarceration and a twelve year term of supervised release. (Judgment in a Criminal Case, Criminal Action No. 3:11-cr-65-1, ECF No. 76.)

**B.      *First Appeal***

Following his sentencing, Petitioner filed a timely notice of appeal on May 18, 2012.

(Criminal Action No. 3:11-cr-65-1, ECF No. 79.)  On appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues for appeal, but questioned whether the Fed. R. Crim. P. 11 hearing was properly conducted and whether Petitioner's sentence was reasonable.  (Criminal Action No. 3:11-cr-65-1, ECF No. 125, p. 2.)  The Fourth Circuit stated, "Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that [Petitioner] knowingly and voluntarily agreed to the waiver of rights as set forth in the plea agreement." (*Id.* at 2-3.)   By per curiam opinion, the Fourth Circuit determined that Petitioner validly waived his right to challenge his sentence on appeal, reviewed the plea colloquy for plain error and finding none, affirmed his conviction[1].  (*Id.* at 3.)

## C.    *Second Appeal*

On August 6, 2012, Petitioner filed a Motion to Modify Sentence pursuant to Title 18, United States Code, Section 3852(C)(2).  (Criminal Action No. 3:11-cr-65-1, ECF No. 107).  That same day, his motion was denied by Chief Judge Bailey.  (Criminal Action No. 3:11-cr-65-1, ECF No. 109).  On August 21, 2012, Petitioner filed a notice of appeal regarding this judgment.  (ECF No. 111).  By per curiam opinion, the Fourth Circuit found no reversible error, and affirmed "for the reasons stated by the district court."  (ECF. No. 127, p. 2.)

## D.    *Supreme Court*

Petitioner pursued a writ of certiorari with the United States Supreme Court on April 11,

---

[1]This opinion is "affirmed in part and dismissed in part" because in addition, the Fourth Circuit denied Petitioner's counsel's motion to withdraw, dismissing that motion.  (*Id.*)

2013[2]. On May 13, 2013, Petitioner's Petition was denied, although it is noted, Petitioner filed this Motion while is Supreme Court case was pending. Finally, on May 21, 2013, Petitioner's Petition for a Rehearing was denied.

### E. *Federal Habeas Corpus*

#### 1. Petitioner's Motion

Petitioner asserts eight grounds for relief. (Motion, Criminal Action No. 3:11-cr-65-1, ECF No. 138 at 6-24.) Specifically, Petitioner claims the following:

1.  His sentence of 210 months was extremely excessive because a prior District of Columbia drug conviction should not have been used in his Armed Career Criminal designation under U.S.S.G. § 4B1.1;

2.  It appears Petitioner alleges the Government violated the Fourth Amendment by illegally searching and seizing the drugs used in the case against him – Petitioner cites various exceptions to the warrant requirement for searches;

3.  His counsel was ineffective because of failure to advise Petitioner on the "Corpus Delecti Rule" and the "Corroborating Evidence Rule" and failure to move to suppress the evidence seized from his residence that he refers to in Ground Two; and

4.  The Sixth Amendment was violated because of the calculation of his sentence using the Presentence Report: he reiterates the allegation that his prior D.C. conviction was improperly used, alleges the Court erred in its duties to resolve objections to the controverted facts in the Presentence Report and he alleges the sentencing procedure

---

[2]This contains no citation to the docket because there is no evidence of Petitioner's appeal to the Supreme Court filed on CM/ECF. The appeal can be accessed on the Fourth Circuit's PACER system as well as the Supreme Court of the United States' website.

was improper because the judge failed to ask him whether he affirmed or denied that he had previously been convicted and failed to inform him that any challenge to a prior conviction which was not made before the sentence could not be raised to attack the sentence afterward;

(*Id.*)

### 2. Government's Response

The Government contends that Petitioner's motion should be dismissed because Petitioner waived his right to collaterally attack his sentence and because his claims are procedurally barred, or in the alternative, because all four grounds fail on their merits. (Criminal Action No. 3:11-cr-65-1, ECF No. 147 ("Resp.") at 14-17.)

As an initial matter, specifically, the Government argues Grounds One, Three and Four fail because they are validly waived, while Ground Two fails because it's procedurally barred. (*Id.* at 14-16). First, the Government argues that Petitioner's Grounds One and Four clearly fall within the scope of the waiver of appellate rights in Petitioner's plea agreement because they relate directly to the calculation of Petitioner's sentence. (*Id.* at 15). The Government also argues Ground Three falls within the scope of the waiver because all actions Petitioner claims were ineffective occurred before the entry of the guilty plea and are thus barred. (*Id.* at 15-16).

Next, regarding the remaining ground, Ground Two, the Government claims Petitioner procedurally defaulted on all grounds for relief because he failed to raise them in an appellate brief. (*Id.* at 16). The Government argues Petitioner is now precluded from pursuing any defaulted grounds for relief in his collateral attack. (*Id.* at 16-17).

Finally, the Government argues that although each claim should be denied for these reasons,

each ground is also without merit. (*Id.* at 17). First, the Government claims that neither *Carachuri-Rosendo v. Holder*, – U.S. –, 130 S.Ct. 2577 (U.S. June 14, 2010) or *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) are implicated by Petitioner's underlying 2004 District of Columbia drug conviction since it is undisputed that Petitioner was sentenced to four years incarceration for that crime, a discussion of the maximum sentence permitted by the statute is unnecessary. (*Id*. at 18). Second, the Government argues the search and seizure made at Petitioner's residence on April 15, 2010 was constitutional as it was made pursuant to a valid search warrant issued based upon probable cause established by seven controlled buys from that residence. (*Id.*). Third, the Government argues Petitioner's ineffective assistance of counsel claim regarding the "Corpus Delicti Rule" and the "Corroborating Evidence Rule" without explaining what is meant by each should be denied because the search and seizure was clearly valid so Petitioner cannot show his counsel was deficient for not moving to suppress evidence seized. (*Id.*). Fourth, the Government argues Petitioner's challenge of his criminal history point calculation is moot because he was determined to be in a criminal history category VI for the independent reason that he qualified as a career offender under the Guidelines. (*Id.* at 19).

### 3.    Petitioner's Reply

In his Reply, Petitioner reiterates his argument that his sentence should not be enhanced, arguing his waiver should not apply because of equitable tolling. (Criminal Action No. 3:11-cr-65-1, ECF No. 152 ("Reply") at 1.) He claims equitable tolling applies because he is innocent of his crime because of *United States v. Simmons*, 649, F.3d 237 (4th Cir. 2011), which is retroactive, he claims, because "*Carachuri-Rosendo* established a new substantive rule, actual innocence overcomes procedural default". (*Id.* at 2.) Petitioner reiterates his arguments from his Motion. (*Id.*

at 3.) Finally, Petitioner asks for the Court to vacate his sentence or reduce it to 60-72 months "and/or set for resentencing". (*Id.* at 4.)

*F.* *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's motion be denied and dismissed from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction. Furthermore, each of Petitioner's claims on its merits should be denied.

### III. ANALYSIS

*A.* *Law Governing Waivers of Direct Appeal and Collateral Attack Rights*

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1877). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or

when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Furthermore, the *Attar* court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." *Id.*

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *Id.* at 220. The *Lemaster* Court did not address whether the same exceptions that were noted by the *Attar* court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to distinguish" between the two. *Id.* at 220 n.2; *see also United States v. Cannady*, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet defined the scope of collateral attack waivers and so has not yet "defined the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." *Braxton v. United States*, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005). However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. *Cannady*, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims of ineffective assistance of counsel "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." *Braxton*, 358 F. Supp. 2d at 503.

**B.** *Law Governing the Determination of Whether a Waiver is Knowing and Intelligent*

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

**C.** *Petitioner Validly Waived His Right to Collaterally Attack His Sentence*

In his motion, Petitioner asserts that his prior drug conviction should not enhance his sentence based upon the career offender provisions of the U.S. Sentencing Guidelines, that the seizure of crack cocaine from his residence by law enforcement was invalid, that he received ineffective assistance of counsel because his counsel failed to move to suppress evidence seized by officers at his residence and failed to advise him on the "Corpus Delecti Rule" and the "Corroborating Evidence Rule" and that the use of certain prior convictions should not be utilized to calculate his criminal history points under the Guidelines. (Motion, Criminal Action No. 3:11-cr-65-1, ECF No. 138 at 6-24.)

### 1. Petitioner's Claims That Are Not Ineffective Assistance of Counsel

Petitioner challenges the Court's calculation of his sentence pursuant to the United States Sentencing Guidelines as well as the evidence (drugs) seized from his residence pursuant to a valid

search warrant.

### a. The Court's Calculation of Petitioner's Sentence

Petitioner's claim that his sentence was improperly determined by the Court must fail because it was validly waived since the waiver was appropriate and Petitioner was ultimately sentenced within the statutory maximum. It is important to note that Petitioner's claims involving his sentence calculation under the Guidelines involve a time period after the entry of the plea but they do not involve alleged ineffective conduct by counsel during that time. Instead, Petitioner challenges **the Court's** calculation of his sentence, claiming the "court erred". (Motion, Criminal Action No. 3:11-cr-65-1, ECF No. 138 at 11.)

Petitioner entered into a plea agreement in which he agreed to waive his right to collaterally attack his sentence in any manner, including motions brought pursuant to 28 U.S.C. § 2255. (Plea Agreement, Criminal Action No. 3:11-cr-65-1, ECF No. 34 at 4.) Additionally, Petitioner waived his right to "appeal any sentence which is within the maximum...or the manner in which that sentence was determined on any ground whatever." (*Id*.) During Petitioner's Rule 11 Plea Hearing, the Government went through each of the paragraphs of the plea agreement and summarized in open court what each said. Additionally, the undersigned asked Petitioner if he understood he was giving up "the right to appeal the sentence imposed by the Court as well as the right to file...petitions attacking the legal validity of the ...sentence." (Plea Hrg. Tr., Criminal Action No. 3:11-cr-65-1, ECF No. 97 at 11.) Petitioner replied, "Yes, sir". (*Id*.); *see also Blick*, 408 F.3d at 169.

The Court sentenced Petitioner to a term of 210 months, which was within the statutory maximum of 60 years. (Sentencing Hrg. Tr., Criminal Action No. 3:11-cr-65-1, ECF No. 98 at 16.)

The record is therefore clear that Petitioner knowingly waived his right to challenge his sentence if the court accepted the guilty plea and Petitioner was sentenced within the Guideline range, as it ultimately did and he ultimately was.

### b. Evidence Seized From Petitioner's Residence

Similarly, Petitioner validly waived his right to challenge the evidence seized from his residence as grounds for his attacking his sentence. The undersigned finds that Petitioner's waiver is knowing and intelligent. *See Attar*, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that he received an twelfth grade education and did not have a disability or hearing impairment that would prevent him from participating in the hearing. (Plea Hrg. Tr., Criminal Action No. 3:11-cr-65-1, ECF No. 97 at 5:1-9.) Petitioner also testified that he reviewed the plea agreement with his attorney before signing it. (*Id.* at 15:20-23.) At the end of the plea colloquy, the undersigned noted that Petitioner was competent, that he made his plea freely and voluntarily, and that he had full knowledge and understanding of the consequences of his plea. (*Id.* at 24:14-16.) Further, the Fourth Circuit upheld the waiver's validity. In its review of the validity of Petitioner's sentence, the Fourth Circuit reviewed the Rule 11 plea hearing to evaluate the waiver of appellate rights and found no plain error. (Criminal Action No. 3:11-cr-65-1, ECF. No. 125, p. 2-3).

### 2. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner attacks his sentence by alleging ineffective assistance of counsel in Ground Three, for failure to advise him on "Corpus Delicti Rule" and the "Corroborating Evidence Rule" as well as for not riling a motion to suppress the evidence which was seized from his residence purusant to a valid search warrant. (Motion, Criminal Action No. 3:11-cr-65-1, ECF. No. 138, p. 9). Petitioner is alleging ineffective assistance of counsel for conduct occurring **before** the entry of his guilty plea,

and Petitioner has waived the right to collaterally attack his sentence based on this conduct. *See Lemaster*, 403 F.3d at 220 & n.2; *Cannady*, 283 F.3d at 645 n.3; *Attar*, 38 F.3d at 731, 732; *Braxton*, 358 F. Supp. 2d at 503. Here, Petitioner is alleging his counsel was ineffective based on acts occurring before the entry of the guilty plea, failure to move to suppress the drugs used to indict Petitioner via a pretrial motion and failure to advise on certain "rules". Petitioner does not allege any conduct was ineffective after the entry of his guilty plea. The undersigned finds this was validly waived by the waiver contained in Petitioner's plea agreement.

In sum, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Therefore, Petitioner cannot collaterally attack his sentence based upon allegedly ineffective conduct occurring before the entry of his guilty plea or based upon alleged infractions in his sentence calculation or the evidence seized from his residence. Accordingly, Petitioner's motion for relief should be denied.

### D. *Petitioner's Claims Additionally Fail On Their Merits*

Furthermore, although this Court finds Petitioner's rights were validly waived, this Court also finds that even without the waiver, Petitioner's claims fail on their merits.

### 1. Ground One: Underlying Drug Conviction Can Be Used To Determine Criminal History

First, Petitioner's Ground One states his prior District of Columbia drug conviction[3] should not have been used in his Armed Career Criminal designation under the Guidelines because it should not have been considered a federal felony. Petitioner uses *Carachuri-Rosendo v. Holder,* – U.S. –

---

[3]On February 9, 2004, Petitioner was convicted in the United States Superior Court for the District of Columbia, Case Number F-7040-03D, of distribution of cocaine, a felony. He was sentenced to a term of four years. (ECF. No. 75, p. 36).

, 130 S.Ct. 2577 (U.S. June 14, 2010) and *United States v. Simmons*, 649, F.3d 237 (4th Cir. 2011) to support this contention, labeling his Ground One a "Simmons Violation".

*Carachuri* was an immigration case involving whether or not a defendant *could have* been sentenced more than one year imprisonment. It involved a defendant who was convicted for simple drug possession, a federal law misdemeanor, with the issue of whether he could have been prosecuted for a recidivist narcotics possession, an "aggravated felony" under federal immigration law. Here, it is undisputed that Petitioner was sentenced for four years for his 2004 District of Columbia drug charge, Distribution of Cocaine. This Court finds *Carachuri* is not implicated.

Additionally, *Simmons* involved a case interpreting *Carachuri* to hold that a court should not look to the maximum sentence a state court could have imposed for a hypothetical defendant who was guilty of an aggravated assault or who had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. *White v. O'Brien*, 2010 WL 3637459, *4 (N.D. W.Va. Aug. 22, 2011)(Bailey)(internal citations omitted). Petitioner argues "consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether a prior offense constitutes a felony". (Criminal Action No. 3:11-cr-65-1, ECF. No. 138, p. 6) Again, Petitioner was undisputably sentenced to four years for his drug offense, the Sentencing Court did not take into account any hypothetical or other possible sentences for this underlying crime, and this court finds *Simmons* is not implicated. The Sentencing Court utilized this 2004 drug conviction appropriately in determining Petitioner's criminal history under the Guidelines and accordingly, this court finds Petitioner's Ground One claim fails.

## 2. Ground Two: The Government Did Not Violate The Fourth Amendment By Refusing To Divulge Evidence

Second, Petitioner argues in his Ground Two that the Government violated the Fourth Amendment when it searched and seized cocaine base from his residence. (Criminal Action No. 3:11-cr-65-1, ECF. No. 138, p. 7)  His brief Ground Two supporting facts lists items such as "reaching distance rule", "no expectation of privacy in inner hallway of apartment building..." and "public view or access" without explanation.  (*Id.*)  It appears Petitioner is challenging the seizure of drugs from his residence by using exceptions to the warrant requirement to bolster is Ground Two.  This Court simply affirms the validity of the search, which was conducted pursuant to a valid warrant, as a whole.   Once a search warrant has been issued, review of the probable cause determination is to be shown great deference.  *United States v. Chandia*, 514 F.3d 365, 273-374 (4th Cir. 2008).  The search of Petitioner's residence occurred on April 15, 2010 pursuant to a valid search warrant which was based on seven controlled buys from a confidential informant.  Petitioner appears to cite various exceptions to the warrant requirement in his Ground Two; however, this court finds a review of them is unnecessary and they do not apply since the search was effectively executed pursuant to a valid and uncontested search warrant.  Accordingly, Petitioner's Ground Two must fail on its merits.

### 3. Ground Three: Counsel Was Not Ineffective For Not Moving To Suppress Evidence Seized Upon Execution Of A Valid Search Warrant

Third, Petitioner argues in his Ground Three that his counsel was ineffective because of failure to research, investigate, challenge the Presentence Report and to move to suppress the evidence seized against him.  (Criminal Action No. 3:11-cr-65-1, ECF. No. 138, p. 9)  Specifically, Petitioner alleges counsel failed to advise him on the "Corpus Delicti Rule" and the "Corroborating Evidence Rule".  (*Id.*)  Additionally, Petitioner specifies that his counsel did not file a motion suppressing the evidence from the search and seizure that implicated him.  (*Id.*)

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when

analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

Regarding the "performance" prong, it cannot be said that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. First, a motion to suppress the evidence, or the drugs, used against Petitioner would have been frivolous, considering the fact that the search and seizure was made constitutionally, as discussed in the previous section. The search and seizure of Petitioner's residence occurred on April 15, 2010 pursuant to a valid warrant that was issued after seven controlled purchases of crack cocaine. Petitioner cannot show that counsel was ineffective for not moving to suppress the evidence obtained from this valid search.

Further, Petitioner's Motion alleges counsel failed to advise client on the "Corpus Delicti Rule" and the "Corroborating Evidence Rule". Petitioner does not provide any additional details on what he means by these rules or how this supposed deficiency affected his case. However, at the plea colloquy, Petitioner stated counsel had adequately represented him "to the fullest". This Court

finds no significant errors to invoke the seriousness as required by the "performance prong". This Court finds a further analysis of the "prejudice" prong to be unnecessary. For these reasons, Petitioner's ineffective assistance of counsel claim must fail.

### 4. Ground Four: Petitioner's Criminal History Calculation Was Not In Violation Of The Sixth Amendment

Fourth, Petitioner challenges the "state v. federal sentences" and alleges a violation of the Sixth Amendment by the Court. (Criminal Action No. 3:11-cr-65-1, ECF. No. 138, p. 11) Specifically, Petitioner alleges the Court erred in its duties to resolve objections on controverted facts in the Presentence Report and, again, challenges the application of his previous District of Columbia drug conviction. (*Id.*) Petitioner, through defense counsel, raised two objections to the Presentence Report before the Sentencing Hearing. In Objection Number One, Petitioner objected to the calculation of his criminal history points. (Pre-Sentence Report, Criminal Action No. 3:11-cr-65-1, ECF No. 75, p. 38). The Probation Officer provided a detailed response to both. (*Id.*) At the Sentencing Hearing, the Court took into consideration this objection, reviewed the documents concerning the prior convictions and based upon the review, overruled the objections. (Sentencing Hrg. Tr., Criminal Action No. 3:11-cr-65-1, ECF No. 98 at 3:24-25-4:1-4). In addition, the Sentencing Judge asked both sides, "Are there any objections in dispute with regard to the presentence report?" and let counsel provide argument in open court. (*Id.* at 3:11-23). This Court's review of the Sentencing Hearing transcript finds that the Court did not err in its duties to resolve objections regarding the Presentence Report. Accordingly, Petitioner's Ground Four fails on its merits[4].

---

[4]     Because this Court finds Petitioner's claims fail both pursuant to a valid waiver of appellate rights and on their merits, this Court finds further discussion of whether or not they are

# IV.   RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and **DISMISSED** from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.  Additionally, the Motion should be denied and dismissed from the docket because each of Petitioner's claims fail on their merits. Consequently, the undersigned recommends the Government's Motion to Dismiss (Criminal Action No. 3:11-cr-65-1, ECF No. 146) be **DENIED** as moot.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation

---

procedurally defaulted unnecessary and declines to take up this issue.

to the *pro se* Petitioner Terry Lee Condrey.

**DATED:** July 12, 2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE