**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg**

**UNITED STATES OF AMERICA**,

        Plaintiff,

        v.                               **Criminal No. 3:11-CR-65-01**
                                        Judge Bailey

**TERRY LEE CONDREY**,

        Defendant.

**ORDER DENYING MOTION FOR RELIEF PURSUANT
TO FEDERAL RULES OF CRIMINAL PROCEDURE 36**

Pending before this Court is the *pro se* Motion for Relief Pursuant to Federal Rules Criminal Procedure Rule 36 [Doc. 186]. In his motion, the defendant seeks to have a "clerical error" corrected in his judgment. The clerical error of which he speaks is the refusal of the Government to move for a third level for acceptance of responsibility.

While "[i]n limited circumstances, courts have relied on Rule 36 to correct a clerical error in the court's record that adversely affected the length of the sentence the court imposed," **United States v. Johnson**, 2013 WL 693117 (W.D. Va. February 26, 2013) (Jones, J), the role of Rule 36 is somewhat limited.

"[W]hen an error is purely a 'clerical error in a judgment, order, or other part of the record,' the policy of finality is trumped and a court is authorized to correct the error at any time. See Fed.R.Crim.P. 36. Such an error, however, may not be a judicial or substantive error but must be purely clerical. The errors most commonly subject to correction under Rule 36 are thus recording or scrivener's errors that make a difference." **United States v.**

***Powell***, 266 F. App'x 263, 266 (4th Cir. 2008) (unpublished) (citing examples correcting clerical errors).

The error alleged in this case is not purely clerical. The judgment order properly reflects that which occurred. The Government did not move for a third level reduction, and therefore the third level reduction was not awarded. To the extent that the defendant seeks to challenge the substantive refusal by the Government, such cannot be done under Rule 36. Accordingly, this Court will deny Johnson's motion under Rule 36, construe this pleading as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, and summarily dismiss it without prejudice as successive, pursuant to 28 U.S.C.A. § 2255(h).

For the reasons stated above, the defendant's *pro se* Motion for Relief Pursuant to Federal Rules Criminal Procedure Rule 36 [**Doc. 186**] is **DENIED**. This Court hereby construes this pleading as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, and summarily **DISMISSES** it without prejudice as successive, pursuant to 28 U.S.C.A. § 2255(h).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* defendant.

**DATED:** February 19, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE